UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ZURICH AMERICAN INSURANCE COMPANY,

                             Plaintiff,

       -v-

M/V "SUEZ CANAL BRIDGE", her engines, boilers,
etc., and CHINA INT'L FREIGHT CO., LTD.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

14 CV 3711 (RJS)

ANSWER

       PLEASE TAKE NOTICE that Defendant, CHINA INT'L FREIGHT CO., LTD

(hereinafter "CIF" or "Defendant"), by its attorneys, CHALOS & CO, P.C., respectfully

answers the Complaint in this action as follows:

       1.      Paragraph 1 of Plaintiff's Complaint is a recitation of purported jurisdiction for

the Plaintiff to credibly prove and the Court to determine. To the extent a response is required,

CIF denies the allegations set forth in paragraph 1.

       2.      CIF denies sufficient knowledge or information upon which to admit or deny

the allegations contained in paragraph 2 of the Plaintiff's Complaint

       3.      CIF admits it is a foreign corporation registered under the laws of Taiwan, but

except as so admitted, denies the remaining allegations contained in paragraph 3 of the

Plaintiff's Complaint.

       4.      CIF admits that the M/V "SUEZ CANAL BRIDGE" was a vessel employed in

the common carriage of merchandise by water for hire, but except as so specifically admitted,

denies knowledge or information sufficient to form a belief as to the remaining allegations

contained in paragraph 4 of the Plaintiff's Complaint.

5.      CIF admits that the vessel arrived at the port of loading described in Schedule A of the Complaint and that the subject cargo was loaded on the vessel, but except as so admitted, denies the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.      CIF admits that the vessel made delivery of said merchandise, but except as so admitted, denies the remaining allegations set forth the allegations in paragraph 6 of the Plaintiff's Complaint.

7.      CIF denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.      CIF denies the allegations contained in paragraph 8 of the Complaint.

### AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant CIF upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

Any liability of the Defendant CIF, which is denied, is limited in an amount by the terms of the applicable contracts of carriage and the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30501.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

The cargo referenced in the Plaintiff's Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading.  Under the terms of these contracts, Defendant CIF is not liable or its liability is limited.

## AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

Whatever losses or damages to the shipment referred to in the Complaint were sustained, which is denied, such losses and/or damages were not caused by or contributed to by the Defendant CIF, and such losses and/or damages were not sustained while the shipment was in the care, custody or control of Defendant CIF.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

If the Plaintiff sustained losses or damages, which is denied, such losses or damages were caused by or contributed to by the Plaintiff or by other persons over whom the Defendant CIF has no control.

## AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

Plaintiff has failed to reasonably mitigate its damages, if any.

## AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by the provisions of the applicable contract(s) and/or applicable law.

## AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary an indispensable parties to this action.

## AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

This Honorable Court lacks *in personam* jurisdiction over Defendant CIF because the Defendant lacks sufficient contacts to be amenable to jurisdiction.

### AS AND FOR A TENTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE

The cargo was carried pursuant to a charter party containing a foreign forum selection clause, which is binding and enforceable.

### AS AND FOR A ELEVENTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE

CIF is not a proper party to this action, as it did not issue the applicable contract.

### AS AND FOR A TWELFTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest, and has no standing to maintain this action.

### AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE

The cargo which is the subject of this suit was carried pursuant to the terms and condition of a certain bill of lading, and tariffs by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et. seq. ("COGSA"), and/or the Harter Act, 46 U.S.C. § 30704, et. seq., and defendant CIF claims the benefits of all rights, immunities, exonerations, and limitations contained therein.

### AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiff, if any, were proximately caused by intervening and/or superseding acts, and/or fault of the Plaintiff and/or other parties for whose action CIF is not liable.

## AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

The loss or damage complained of resulted from perils of the sea and/or Act of God,

for which CIF would not be responsible.

## RESERVATION OF RIGHTS

Defendant CIF reserves the right to amend this Answer if and once additional

information is obtained through discovery.


WHEREFORE, Defendant CHINA INT'L FREIGHT CO., LTD., demands judgment

dismissing the Plaintiff's Complaint, together with costs, disbursement and reasonable

attorneys' fees and for such other and different relief as this Court may deem just and proper.

Date:   Oyster Bay, New York
        July 17, 2014


                              Respectfully submitted,

                              CHALOS & CO, P.C.
                              *Attorneys for Defendant*
                              CHINA INT'L FREIGHT CO., LTD.


               By:    _Katherine Christodoulatos_
                              George M. Chalos (GC-8693)
                              Katherine N. Christodoulatos (KC-1226)
                              55 Hamilton Avenue
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              E-mail: gmc@chaloslaw.com
                                      kchristodoulatos@chaloslaw.com